IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JARED N. JOHNSON,
        Plaintiff,

v.                                          Civil Action No. 3:19-cv-243-JAG

EQUITYEXPERTS.ORG, LLC,
        Defendant.

## OPINION

This case arises from homeowner association ("HOA") fees that the plaintiff's parents failed to pay. Around October 2016, the HOA hired Equity Experts to collect the outstanding fees. The plaintiff contends that Equity Experts violated the Fair Debt Collection Practices Act ("FDCPA") and state law during its collection efforts. Both the plaintiff, Jared Johnson, and the defendant, Equity Experts, have moved for summary judgment.

The Court will deny Johnson's motion because the validity of the debt—the most material fact of this case—remains in dispute. The Court will grant Equity Experts's motion as to the parts of Johnson's FDCPA claims barred by the FDCPA's statute of limitations. The Court will also grant the defendant's motion as to Johnson's claims for fraudulent account entries and a fraudulent lien.[1] The Court will deny Equity Experts's motion as to all other claims.

---

[1] The Court dismisses these state law claims (Counts Six and Seven) because the plaintiff brings them under state criminal statutes that do not create a private right of action. Va. Code Ann. § 18.2-113 (2003); *Id.* § 18.2-213.3 (2013). Although the plaintiff also brings his fraud claim (Count Five) under a state criminal statute that lacks a private right of action, the Court will construe this claim as a state tort action for fraud and incorporate the factual allegations of Counts Six and Seven therein. *Pigott v. Moran*, 213 Va. 76, 81, 341 S.E.2d 179, 182 (1986); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'").

## I. **BACKGROUND**

The plaintiff's parents, Ronnie and Robin Johnson, owned a home in Henrico County's Wellesley neighborhood. Homeowners in this neighborhood agree to certain covenants, including an obligation to pay HOA fees. Ronnie and Robin fell behind on their HOA payments. Around October 2016, the Wellesley HOA contracted with Equity Experts to collect these outstanding fees. As provided by the declaration signed by all homeowners in Wellesley, Equity Experts sought to collect "all fees and costs of collection, including attorney's fees." (Dk. No. 89, Ex. 1, at 20.) In May 2017, Henrico County General District Court entered a judgment ("May 2017 Judgment") against Johnson's parents arising from this debt. (Dk. No. 60, Ex. P.)

Equity Experts's collection efforts continued after Johnson's mother, Robin, passed away in April 2018. At that time, Johnson became a co-owner of the home with his father. In September 2018, the Wellesley HOA attached a lien to the home arising from the May 2017 Judgment. (Dk. No. 60, Ex. K.) Also in September 2018, Johnson became the sole owner of the home. Equity Experts continued to attempt collection.

Johnson alleges that Equity Experts tried to collect on his parents' HOA debt by repeatedly calling his cell phone beginning in October 2016, years before Johnson held any ownership in the home. Johnson says that Equity Experts continued to call even after he told them that the company could not reach his parents at his number. When Johnson became owner of the home, thereby assuming the HOA debt of his parents, Johnson claims to have paid the debt Equity Experts sought to collect *and* some. (Dk. No. 60, ¶ 44.) Equity Experts disputes this and continued collection efforts through the filing of Johnson's complaint.

According to Equity Experts, Johnson still owes the Wellesley HOA. Equity Experts attributes some of Johnson's outstanding balance to additional fees associated with its collection

efforts. (Dk. No. 87, Ex 1 ("The Association shall be entitled to collect all fees and costs of collection, including attorneys' fees, and every Owner by accepting a deed to property in Wellesley, whether so expressed in the deed or not, covenants and agrees to pay the same.").)

Arising from Equity Experts's collection efforts between October 2016 and April 2019, Johnson asserts four counts under the FDCPA and three counts under Virginia law.

Both Johnson and Equity Experts have moved for summary judgment. Johnson argues that he has established every element of each his claims. Equity Experts contends that statutes of limitations bar Johnson's claims; that Johnson lacks standing to bring this suit; that Johnson has failed to establish necessary elements for his claims under the FDCPA; that the underlying debt's validity defeats Johnson's claims; and that the *Rooker-Feldman* doctrine precludes judicial review of the May 2017 Judgment.

## II. DISCUSSION

### A. Johnson's Summary Judgment Claim[2]

Johnson's motion discusses each of his claims, explaining that "the only element at issue [in each claim] is whether Equity Experts violated" either the FDCPA or state law, respectively. (Dk. No. 90.) Johnson concludes that Equity Experts violated both the FDCPA and Virginia law by seeking to collect false debt. Equity Experts, however, disputes the falsity of the debt. Accordingly, the Court will deny Johnson's motion for summary judgment.

---

[2] Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element of its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

### *B. Equity Experts's Summary Judgment Claim*

#### *1. Statutes of Limitations*

Equity Experts argues that the FDCPA's one-year statute of limitations bars Johnson's FDCPA claims. 15 U.S.C. § 1692k(d). "[T]he statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 140 S. Ct. 355, 357 (2019). "Nothing in the FDCPA suggests that 'similar' violations should be grouped together and treated as a single claim for purposes of the FDCPA's statute of limitations." *Bender v. Elmore & Throop, P.C.*, 963 F.3d 403, 407 (4th Cir. 2020). In fact, the Fourth Circuit has long held that "a 'separate violation' of the FDCPA occurs 'every time' an improper communication, threat, or misrepresentation is made." *Id.* (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 141 (4th Cir. 1996)). Here, Johnson alleges that Equity Experts began violating the FDCPA in August 2016 and continued to do so even after the filing of his complaint on April 8, 2019. Accordingly, the Court will grant Equity Experts's motion for summary judgment for alleged FDCPA violations that occurred before April 8, 2018, but not for those after that date.

Similarly, Equity Experts says that Virginia's two-year statute of limitations bars Johnson's state law fraud claims. Va. Code Ann. § 8.01-243(A) (2020). "[A] cause of action for fraud accrues when such fraud 'is discovered or by the exercise of due diligence reasonably should have been discovered.'" *Parker-Smith v. Sto Corp.*, 262 Va. 432, 438, 551 S.E.2d 615, 618 n.5 (2001) (quoting Va. Code Ann. § 8.01-249). Johnson claims to have "first learned the falsity of the Defendants' representations" on June 29, 2018, when he received a ledger from Equity Experts. (Dk. No. 60, ¶ 52.) The Court has no reason to find the exercise of due diligence should have led Johnson to discover the alleged fraud sooner. Because Johnson sued

4

within one year of learning of the alleged fraud, the statute of limitations does not bar his state law fraud claims. The Court, therefore, will deny Equity Experts's motion for summary with respect to the state law fraud claims on this ground.

### 2. *Standing*

Equity Experts argues that Johnson has not suffered an "injury" that satisfies Article III standing. "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). According to Equity Experts, their efforts to collect the valid debt do not injury Johnson. Johnson, however, says that because Equity Experts seeks to collect false debt, their collection efforts do injure him. Because the determination of "injury" depends on the validity of the disputed debt, this issue does not provide grounds for granting a motion for summary judgment. The Court, therefore, will deny Equity Experts's motion as to standing.

### 3. *Failure to Establish Necessary Elements under the FDCPA*

Equity Experts contends that Johnson has failed to establish the necessary elements of his FDCPA claims. "A prima facie case for violation of the FDCPA requires [the] plaintiff to show three elements: (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; (3) the defendant has violated by act or omission a provision of the FDCPA." *Creighton v. Emporia Credit Serv., Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997); *see* 15 U.S.C. § 1692. Equity Experts says that Johnson's FDCPA claims must fail because Johnson has provided no evidence that the original debt satisfies § 1692a's definition of "debt" or that Johnson himself meets the statute's

definition of "consumer."[3] The Court, however, finds that Johnson's pleadings provide enough evidence that the alleged debt satisfies the FDCPA's definition. The disputed debt arises from unpaid HOA fees that Johnson assumed when he became an owner of the home. This obligation arises from a transaction related to "household purposes" and, therefore, amounts to a debt. *Id.* § 1692a(5). Because the disputed debt falls within the FDCPA's definition, the Court finds that Johnson also satisfies the statute's definition of "consumer." The Court, therefore, will deny Equity Experts's motion for summary judgment on this ground.

Equity Experts also argues that the ledgers Johnson requested during discovery cannot serve as bases for Johnson's FDCPA claims because they do not meet the FDCPA's definition of "communication." *Id.* § 1692a(2) ("'[C]ommunication' means the conveying of information regarding a debt."). The plaintiff, however, does not rely on these ledgers for his claims; they merely serve as evidence for his fraud claims.

Finally, Equity Experts asserts that Johnson's FDCPA claims will fail when the Court applies the "least sophisticated consumer standard." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015). "Under this standard, [courts] consider how a 'naive' consumer would interpret the statement." *Id.* Equity Experts says that their communications with Johnson regarding the debt would *not* have misled even a naïve consumer. The plaintiff, predictably, disagrees. At this stage of the litigation, based on the pleadings before the Court, the Court will deny Equity Experts's motion on this ground.

---

[3] Under the FDCPA, "debt" means "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services . . . are primarily for personal, family, or household purposes." *Id.* § 1692a(5). The statute defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

6

#### *4. T*<u>*he Underlying Debt's Validity Defeats Johnson's Claims*</u>

Equity Experts asserts the validity of both the debt the company has already collected from Johnson and the remaining debt the company seeks to collect. The company offers ledgers and spreadsheets to prove how it has calculated what Johnson owes. Conversely, Johnson says that Equity Experts has fraudulently increased what he owes and offers evidence to support his claims. Because the bewildering evidence in this case prevents the Court from drawing any conclusions on its own, it will deny Equity Experts's motion on this ground.

#### *5.* <u>*Judicial Review of May 2017 Judgment*</u>

Finally, Equity Experts argues that this Court cannot review the May 2017 Judgment from which a lien attached to Johnson's home. Johnson alleges that this fraudulent lien violates state law. The *Rooker-Feldman* doctrine bars a federal court from having jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, the Court's May 2017 Judgment did not bind Johnson. As a result, Johnson did not lose in state court and the *Rooker-Feldman* doctrine does not apply. *See Dominion Res. Inc. v. Estate of Griffin,* No. 3:15–cv–407, 2016 WL 8229031, at *3 (E.D. Va. May, 3, 2016).

For entirely different reasons, however, the Court will grant Equity Experts's motion as to Johnson's fraudulent account entries and fraudulent lien claims. As discussed above, the plaintiff brings his state law claims under state criminal statutes that do not create a private right of action. To address this, the Court will construe Count Five of the plaintiff's complaint as a state tort action for fraud that incorporates the factual allegations of Counts Six and Seven. The

Court will, therefore, grant Equity Experts's motion for summary judgment as to Counts Six and Seven: the fraudulent account entries and the fraudulent lien claims.

## II. CONCLUSION

For the foregoing reasons, the Court will deny Johnson's motion for summary judgment. The Court will grant in part and deny in part Equity Experts's motion for summary judgment. The Court will grant the motion to the extent the plaintiff's FDCPA claims allege violations that predate April 8, 2018. The Court also will grant the motion as to the plaintiff's fraudulent account entries and fraudulent lien claims. The Court will incorporate the factual allegations of these claims into Count Five of the plaintiff's complaint, which the Court will construe as a state law tort action for fraud.

The Court will issue an Order on these motions today.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 17 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge